**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:18-CV-00155-GNS-LLK**

**MELISSA R. DOWDY**                                                                                          **PLAINTIFF**

**v.**

**ANDREW SAUL, Commissioner of Social Security**                                       **DEFENDANT**

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION**

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. (Docket # 14.) Plaintiff's memorandum in support of motion for summary judgment is at Docket # 26-1, and Defendant's response in opposition is at Docket # 32. The matter is ripe for determination.

The Administrative Law Judge (ALJ) found that Plaintiff's major depressive disorder and degenerative disc disease limit her to light work requiring an ability to perform only simple, routine, repetitive tasks. (Administrative Record (AR) at 13, 15.) Plaintiff argues that she is more limited than the ALJ found in light of 1) the findings of the one-time examining psychologist, Dr. Skaggs; 2) her allegations of pain, fatigue, and other subjective symptoms; and 3) third-party lay statements in support of her disability claim given by her relatives and friends.

An ALJ is required to weigh opinions from examining medical sources, allegations of subjective symptoms, and lay statements based upon a discretionary weighing of multiple factors (as set forth at 20 C.F.R. § 404.1527(c)(3)-(6), Social Security Ruling (SSR) 16-3p, 2016 WL 1119029, and SSR 06-03p, 2006 WL 2329939). Plaintiff's arguments are unpersuasive because they do not show that the ALJ abused her discretion in weighing these factors or that substantial evidence does not support the ALJ's findings. While substantial evidence may have supported a different weighing, this does not warrant judicial disturbance of the ALJ's decision for the reasons explained by the Sixth Circuit:

1

> The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion. The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405-06 (6th Cir. 2009) (internal quotations and citations eliminated).

Because the ALJ's decision is supported by substantial evidence and because Plaintiff's arguments are unpersuasive, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Background facts and procedural history**

Plaintiff filed Title II and Title XVI disability claims alleging that she became disabled on August 15, 2014. (AR at 10.) Plaintiff's insured status for Title II benefits will expire on December 31, 2019. (AR at 13.)

On February 28, 2018, the ALJ issued a decision finding that Plaintiff has not been under a disability from August 14, 2014, through the date of her decision. (AR at 22.) The ALJ's decision became the Commissioner's final decision, subject to this judicial review, when the Appeals Council found no basis for changing the ALJ's decision. (AR at 1.)

The ALJ denied Plaintiff's disability claim pursuant to the familiar five-step sequential evaluation process. First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability date. (AR at 13.) Second, the ALJ found that Plaintiff suffers from the following severe, or vocationally significant, medical impairments: major depressive disorder, anxiety, degenerative disc disease, and degenerative joint disease. (*Id.*) Third, the ALJ found that none of these impairments satisfies the clinical criteria of any impairment listed in Appendix 1 of the regulations. (*Id.*)

As required in any cases that advance beyond step 3, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that Plaintiff has the RFC to perform less than the full range of

light work as defined in 20 C.F.R. § 404.1567(b).  (AR at 15.)   Generally, light work contemplates 6 hours of standing/walking per 8-hour workday (with sitting during the remaining 2 hours).  Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5.  Additionally, Plaintiff can frequently climb ramps and stairs, stoop, kneel, crouch, and crawl; occasionally reach overhead with the left upper extremity; and never climb ladders, ropes, and scaffolds.  (*Id.*)  She is unable to work around hazardous machinery, unprotected heights, or with vibrating equipment.  (*Id.*)  Mentally, she is restricted to simple routine and repetitive tasks that are not performed at a production-rate pace such as an assembly line.  (*Id.*)  She can make simple decision.  (*Id.*)  She can tolerate occasional changes in the work routine.  (*Id.*)  She is able to occasionally interact with co-workers and supervisors, but she is unable to interact with the public except for brief superficial interactions such as greeting and directions.  (*Id.*)

Fourth, the ALJ found that Plaintiff is not disabled because she retains the ability to perform her past relevant work as an inspector.  (AR at 20.)  Fifth (and alternatively), the ALJ found that Plaintiff is not disabled because she retains the ability to perform a significant number of light, unskilled jobs in the national economy such as office helper, cleaner/housekeeper, and sandwich board carrier.  (AR at 20-21.)

**Judicial review standards**

The Court reviews the ALJ's decision to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards."  *Rogers v. Comm'r*, 486 F.3d 234, 241 (6th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Where substantial evidence supports the ALJ's decision, the Court is obliged to affirm.  *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).  The Court should not attempt to second-guess the factfinder with respect to conflicts of evidence or questions of credibility.  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

**Substantial evidence supported the ALJ's decision to decline to find additional mental limitations notwithstanding the findings of the one-time examining psychologist, Dr. Skaggs.**

On July 9, 2015, temporarily licensed psychologist Kathy Seigler, Psy.D., examined Plaintiff at the request of the Commissioner and opined that Plaintiff is "markedly" limited in 3 of 4 functional areas. (AR at 466.) Licensed clinical psychologist Emily Skaggs, Psy.D. (Skaggs Consulting, PLLC), apparently signed off on Dr. Seigler's findings. On November 10, 2015, based on the record as a whole, including Dr. Skaggs' findings,[1] the Commissioner's non-examining program psychologist Mary K. Thompson, Ph.D., opined there was a lack of evidence of a severe mental impairment. (AR at 137-39.) The ALJ gave "no weight" to Dr. Skaggs' opinion and "some weight" to Dr. Thompson's opinion. (AR at 18-19.)

As indicated at the outset of this report, an ALJ weighs opinions from examining medical sources such as Dr. Skaggs based on the factors at 20 C.F.R. § 404.1527(c)(3)-(6).[2] Those factors are supportability of the opinion, consistency of the opinion with the record as a whole, specialization (if any) of the medical source giving the opinion, and other factors.

The ALJ gave six reasons for preferring Dr. Thompson's opinion to Dr. Skaggs' opinion and for accepting Dr. Skaggs' opinion only to the extent of the ALJ's residual functional capacity (RFC) determination. The ALJ's first and second reasons correspond to the factor of supportability. Section 404.1527(c)(3). First, according to the ALJ, Dr. Skaggs' opinion was not "supported by the longitudinal record." (AR at 18.) Dr. Thompson provided a summary of that longitudinal record, including Dr. Skaggs' opinion and the other psychological evidence. (AR at 138-39.) Second, the ALJ found that Dr. Skaggs' opinion was based primarily on Plaintiff's "subjective complaints" (as opposed to the longitudinal record). (AR at 18.)

---

[1] In keeping with the ALJ's findings and parties' arguments, this report will refer to Dr. Skaggs' as opposed to Dr. Seigler's findings.
[2] Section 404.1527(c)(6) provides that the ALJ should consider "the amount of understanding of our disability programs and their evidentiary requirements that a medical source has," and Section 404.1513a(b)(1) provides that non-examining program "psychological consultants [such as Dr. Thompson] are highly qualified and experts in Social Security disability evaluation."

The ALJ's remaining reasons for discounting Dr. Skaggs' findings correspond to the factor of consistency. Section 404.1527(c)(4). Third, according to the ALJ, Dr. Skaggs' opinion was "internally inconsistent" because Dr. Skaggs 1) found Plaintiff to be markedly unable to performance even simple tasks despite her ability to perform various memory and mathematical tasks; 2) acknowledged Plaintiff's attention was normal; 3) assigned a global assessment of functioning (GAF) of 50; and 4) failed to observe that Plaintiff was not receiving any mental health treatment. (AR at 18-19.) Fourth, as Dr. Thompson noted, Plaintiff provided Dr. Skaggs with "inaccurate history," i.e., Plaintiff told Dr. Skaggs that it was her first time applying for disability. (AR at 138 referencing AR at 461.) Additionally, the ALJ noted that Plaintiff "proclaimed [to another medical source] she had worked in a nursing home for 30 years, which is not true." (AR at 19.) "The inconsistency of such objective information makes the undersigned [ALJ] question the subjective information [Plaintiff] has given." (*Id.*) Fifth, despite Plaintiff's limited mental health treatment, physical examinations indicated appropriate affect and demeanor, normal psychomotor function, and normal through process and perception. (AR at 19.) Sixth, Plaintiff did not report symptoms of depression to her primary care physician until May 2017. (*Id.*) At that time, Plaintiff endorsed two months of depression associated with a relative's death and another relative's not honoring the will. (*Id.*) Situational depression is general not deemed disabling because it does not satisfy the 12-month duration requirement. *See* 42 U.S.C. § 423(d)(1)(A) (To be disabling, an impairment must have "lasted or can be expected to last for a continuous period of not less than 12 months.").

While substantial evidence would have supported a different weighing of the factors at 20 C.F.R. § 404.1527(c)(3)-(6), the ALJ's weighing was supported by substantial evidence. Therefore, Plaintiff's first argument is unpersuasive. *See Blakley v. Comm'r*, 581 F.3d 399, 405-06 (6th Cir. 2009) ("The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

**Substantial evidence supported the ALJ's decision to decline to find additional limitations notwithstanding Plaintiff's allegations of subjective symptoms.**

In evaluating the intensity and persistence of a claimant's allegations of pain, fatigue, and other subjective symptoms, an ALJ considers a number of factors. According to Plaintiff, those factors include the following:

> (1) the claimant's daily activities; (2) the location, duration, frequency and intensity of the pain or other symptoms; (3) factors that precipitate and aggravate the symptoms, (4) the type, dosage, effectiveness and side effects of medication; (5) any treatment, other than medication, for relief of pain or other symptoms; (6) any measures the claimant uses to relieve the pain or other symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

(Docket # 26-1 at 15) (citing Social Security Ruling (SSR) 16-3p, 2016 WL 1119029 at *7).[3]

Plaintiff argues that two statements in the ALJ's written decision prove that her weighing of the foregoing factors was "patently wrong." (Docket # 26-1 at 15.)

First, Plaintiff notes that the ALJ made a statement on page 19 of his decision, which allegedly improperly "impl[ied] that a gap in mental health treatment was a factor in her decision." (Docket # 26-1 at 16 referencing AR at 19.) Plaintiff apparently is referring to the ALJ's statement that "[d]espite [Plaintiff's] limited mental health treatment psychiatric evaluation during physical examinations have regularly corroborated appropriate affect and demeanor, normal psychomotor function, and normal through process and perception." (AR at 19.) According to the argument, this statement violated the principle that "for some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself." (Docket # 26-1 at 16) (citing *White v. Comm'r*, 572 F.3d 272, 283 (6th Cir. 2009)). The argument is unpersuasive for three reasons. First, a passing refence to "limited" treatment does not violate the principle. Second, as the Commissioner notes, the argument, in effect, asks the Court to

---

[3] These same seven factors are set forth in the regulations at 20 C.F.R. § 404.1529(c)(3)(i)-(vii).

"engage in speculating that she avoided treatment [due to her impairments], but points to nothing in the record supporting that assumption." (Docket # 32 at 10.) Third, even if the ALJ did erroneously hold Plaintiff's "limited" treatment against her for purposes of evaluating her subjective symptoms, the SSR 16-3p factors (as a whole still) substantially supported the ALJ's RFC determination and thus rendered any error harmless.

Second, Plaintiff argues that another statement in the ALJ's written decision shows that the ALJ erred in evaluating her subjective symptoms. As indicated above, the ALJ stated that the "inconsistency of such objective information [that Plaintiff gave to her medical sources] makes the undersigned [ALJ] question the subjective information [Plaintiff] has given." (AR at 19.) According to Plaintiff, this statement violated the principle that "[i]n evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." (Docket # 26-1 at 17) (quoting SSR 16-3p, 2016 WL 119029, at *1). The argument is unpersuasive for three reasons. First, the statement does not violate the principle because one can be an inaccurate self-historian without having an untruthful character. Second, as noted above, Dr. Thompson noted one inaccuracy for purposes of discounting Dr. Skaggs' findings, and the ALJ identified another one. (AR at 19, 138, 461.) Thus, the ALJ utilized Plaintiff's inaccuracies primarily for purposes of weighing the medical opinions, not to discount Plaintiff's truthfulness. Third, even if the ALJ did erroneously hold the Plaintiff's inaccuracies against her for purposes of evaluating her subjective symptoms, the SSR 16-3p factors (as a whole still) substantially supported the ALJ's RFC determination and thus rendered any error harmless.

While substantial evidence would have supported a different weighing of the SSR 16-3p factors, the ALJ's weighing was supported by substantial evidence. Therefore, Plaintiff's second argument is unpersuasive. *See Blakley v. Comm'r*, 581 F.3d 399, 405-06 (6th Cir. 2009) ("The substantial-evidence

standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

### Substantial evidence supported the ALJ's decision to decline to find additional limitations notwithstanding the third-party lay statements in support of Plaintiff's disability claim.

The ALJ gave "some weight" to the lay statements in support of Plaintiff's disability claim given by Plaintiff's son/daughter Chris Hudnall, friend Jessica Beadnell, and brother-in-law Ray Head. (AR at 20 referencing AR at 396-98.) The ALJ declined to give the statements greater weight because the third parties were not medical experts and, due to their personal relationships with Plaintiff, had a "natural tendency to agree with the symptoms and limitations [Plaintiff] alleges." (*Id.*)

Plaintiff persuasively argues (Docket # 26-1 at 14) that the ALJ's statement that she "carefully considered" (AR at 20) the lay statements is suspect because the ALJ failed to mention the lay statement given by her mother (AR at 395) and erroneously mentioned lay statements that were subsequently removed from the administrative record because they "pertain[ed] to another claimant." (AR at 925-34.) However, any error was harmless because lay witness testimony "is entitled to perceptible weight only if it is fully supported by the reports of the treating physicians." *Simons v. Comm'r*, 114 F. App'x 727, 733 (6th Cir. 2004) (citing *Lashley v. Sec'y of Soc. Sec.*, 708 F.2d 1048, 1054 (6th Cir. 1983)). Plaintiff has not presented any evidence from a treating physician to support the extreme limitations opined by the lay witnesses. Additionally, any error with respect to the ALJ's consideration of the lay statements was harmless because the allegations in those statements were cumulative with respect to Plaintiff's own allegations and subject to being discounted for the same reasons:

> [T]he third-party report was largely consistent with his own testimony. … [The report] therefore adds nothing materially new to the record in light of the ALJ's exhaustive review of the objective medical evidence. It was the objective medical record that led the ALJ to discount Plaintiff's reported severity of symptoms, and the third-party report is subject to the same critique. Once the ALJ determined that the objective medical record required a discounting of Plaintiff's own descriptions, the same logic requires discounting [the third-party report] as well. … Remand, simply to have the ALJ explicitly say so, would elevate form over substance.

*Fellows v. Comm'r*, No. 1:16-cv-1064, 2017 WL 3473842, at *8 (W.D. Mich. Aug. 14, 2017); *see also Hernandez v. Comm'r*, No. 4:13-cv-67, 2015 WL 1566144, at * (E.D. Tenn. April 7, 2015) ("Given the lack of evidence to support the allegations of Plaintiff or Plaintiff's sister, I conclude remand to have the ALJ specifically discuss the report from Plaintiff's sister would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources.").

In considering evidence from lay witnesses who have not seen the claimant in a professional capacity such as family and friends, an ALJ considers the following factors: "the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." SSR 06-03p, 2006 WL 2329939, at *6. While substantial evidence would have supported a different weighing of these factors, the ALJ's weighing was supported by substantial evidence. Therefore, Plaintiff's third and final argument is unpersuasive. *See Blakley v. Comm'r*, 581 F.3d 399, 405-06 (6th Cir. 2009) ("The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").

## RECOMMENDATION

Because the administrative law judge's (ALJ's) decision is supported by substantial evidence and because Plaintiff's arguments are unpersuasive, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

October 30, 2019

Lanny King, Magistrate Judge
United States District Court

**NOTICE**

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

October 30, 2019

**Lanny King, Magistrate Judge**
**United States District Court**